UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

DANIEL and ELVIRA CONWAY,                                                    No. 08-10743

                           Debtor(s).
_____/

Memorandum on Motion to Compel Communications
_____

      Debtors Daniel and Elvira Conway filed their Chapter 7 petition on April 24, 2008. Soon after they filed, they requested and were granted extra time to file their Form B22. When they did not file the form within the extended time, the court ordered them and their attorney, John Vos, to appear and show cause why their case should not be dismissed..

      In response to the court's order to appear, Vos filed a pleading stating that the debtors did not oppose dismissal. The court, realizing at that point that the failure to file the B22 was intentional and calculated, dropped the hearing from its calendar and took no action. The issue of whether debtors have a right to dismiss a Chapter 7 case based on their own failure to file required documents is now pending before the Court of Appeals for this circuit and has been answered in the negative by at least one other circuit. *In re Acosta-Rivera*, 557 F.3d 8 (1st Cir. 2009).

      Soon thereafter, the U.S. Trustee filed a motion to dismiss the case which the Conways did not oppose. At the hearing, the court told counsel for the U.S. Trustee that the court would sign an order granting the motion but suggested asked that "you make sure before you submit your order that you are

1

not playing into the debtors' hands."

The U.S. Trustee has elected to investigate the case rather than pursue dismissal, which the court feels is the proper course of action. However, the investigation the court contemplated was to determine why the Conways want their case dismissed. In other cases, such as *Acosta-Rivera*, the reason has been that the debtors have an undisclosed asset which could be recovered for the benefit of creditors. Instead, the U.S. Trustee seems to be investigating the contents of the B22 which the Conways did not file. The U.S. Trustee has moved to compel production of to produce written communications between Vos and his clients related to the B22, the motion to extend time to file it, and the Conways' Statement of Intention regarding secured creditors. The Conways have responded with a motion for a protective order.

The court agrees with the Conways that their communications with counsel are sacrosanct. Nothing in their conduct rises to the level of waiver of the attorney-client privilege. The court also does not understand the need to see the communications even if they were not subject to the privilege. The proper scope if inquiry in this case is why the Conways want their case dismissed, not whether they "pass" the means test. Before throwing the Conways into the briar patch as they want, it is a legitimate question to ask whether they are attempting to abuse the Bankruptcy Code to the prejudice of their creditors. However, the question cannot be answered by compelling their attorney to divulge confidences.

For the foregoing reasons, the U.S. Trustee's motion to compel written communications between the Conways and Vos will be denied and the Conways' motion for a protective order will be granted. Counsel for the Conways shall submit an appropriate form of order.

Dated: June 16, 2009

Alan Jaroslovsky
U.S. Bankruptcy Judge

2